**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000431
26-AUG-2013
09:36 AM**

NO. CAAP-12-0000431

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JACOB HARGITT, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWA DIVISION
(CASE NO. 1DTC-11-082323)


SUMMARY DISPOSITION ORDER
(By: Foley and Reifurth, JJ., with
Nakamura, C.J., concurring separately)

Defendant-Appellant Jacob A. Hargitt ("Hargitt") appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on April 3, 2012 in the District Court of the First Circuit, Wahiawa Division ("District Court").[1]

On appeal, Hargitt contends that (1) the District Court plainly erred by not dismissing the charge of Excessive Speeding because the charge was deficient for failing to allege the requisite mens rea, (2) the District Court abused its discretion by admitting evidence of a laser gun reading because the State failed to provide sufficient foundation for its admission, and (3) without the laser gun reading there was insufficient evidence to convict him of Excessive Speeding.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hargitt's points of error as follows:

---

[1]    The Honorable Clarence A. Paccaro presided.

I.   Background

On December 1, 2011, Hargitt was issued a citation for Excessive Speeding, in violation of Hawaii Revised Statutes ("HRS") § 291C-105(a)(1) and/or (a)(2) (Supp. 2011).  On April 3, 2012, Hargitt was orally arraigned on the sole count of Excessive Speeding.  The oral charge did not state the requisite mens rea for a charge of Excessive Speeding.  Hargitt, however, did not object to the charge.

That same day, the District Court held a bench trial. Hargitt testified therein that, as a military police officer, he had been trained to use speed-detecting devices, including a device similar to that which Officer Jeremy Franks ("Officer Franks") used to clock his speed.  Hargitt further testified that he had been traveling approximately 65 to 70 miles per hour when Officer Franks clocked his speed, and given that Officer Franks was roughly 900 feet away and several other cars were proximate to Hargitt's car, it was likely that Officer Franks had clocked a different vehicle.  Hargitt also objected to the admissibility of the laser gun evidence.  The District Court found Hargitt guilty as charged.

II.  Discussion

"HRS § 291C-105(a) is not a strict liability offense, but instead requires that the State prove that a defendant acted intentionally, knowingly, or recklessly." *State v. Gonzalez*, 128 Hawai‘i 314, 324, 288 P.3d 788, 798 (2012).  A charge for violating HRS § 291C-105(a) that does not state the requisite state of mind is insufficient pursuant to *State v. Nesmith*, 127 Hawai‘i 48, 276 P.3d 617 (2012).  *Gonzalez*, 128 Hawai‘i at 324, 288 P.3d at 798.

"[W]hen a party raises an objection to the indictment for the first time on appeal the indictment is liberally construed." *State v. Tominiko*, 126 Hawai‘i 68, 76, 266 P.3d 1122, 1130 (2011) (citing *State v. Motta*, 66 Haw. 89, 90, 657

P.2d 1019, 1019 (1983)).[2] "This standard means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." *Id.* (quoting *Motta*, 66 Haw. at 91, 657 P.2d at 1020) (internal quotation marks omitted). The liberal construction approach applies to oral charges. *State v. Hitchcock*, 123 Hawai'i 369, 378, 235 P.3d 365, 374 (2010) (citing *State v. Elliott*, 77 Hawai'i 309, 311, 884 P.2d 372, 374 (1994)).

Under *Motta*'s liberal construction approach, "one way in which an otherwise deficient count can be reasonably construed to charge a crime is by examination of the charge as a whole." *Id.* (quoting *Elliott*, 77 Hawai'i at 312, 884 P.2d at 375) (internal quotation marks and brackets omitted). Additionally, "in determining whether the accused's right to be informed of the nature and cause of the accusation against him [or her] has been violated, we must look to all of the information supplied to him [or her] by the State to the point where the court passes upon the contention that the right has been violated." *Id.* at 379, 235 P.3d at 375 (brackets in original) (quoting *State v. Israel*, 78 Hawai'i 66, 70, 890 P.2d 303, 307 (1995)) (emphasis omitted).

Upon review of the record on appeal here, the mens rea requirement was in no manner stated in the charge nor mentioned at any time prior to the District Court's pronouncement of Hargitt's guilt, whereupon it stated that Hargitt had acted with the requisite state of mind. We cannot reasonably construe the charge, even when considering all other information provided to Hargitt prior to the District Court's adjudication, as alleging that he committed the crime knowingly, intelligently, or recklessly.[3] *See Sabala*, 2013 WL 1687547, at *2; *Elliott*, 77

---

[2]    This court has applied the *Motta* standard on plain error review where the alleged charge deficiency is the lack of mens rea. *See, e.g., State v. Sabala*, No. CAAP-12-0000357, 2013 WL 1687547, at *2-3 (Haw. Ct. App. Apr. 17, 2013). The parties do not dispute applicability of this standard here.

[3]    We decline to take up the State's invitation to evaluate whether Hargitt's testimony effectively mounted a defense establishing that he only negligently drove excessively fast as this would amount to nothing more than conjecture as to what Hargitt might have known regarding the charge against him. In any event, we do not understand Hargitt to have mounted a negligence

Hawaiʻi at 313, 884 P.2d at 376.[4] Thus, the charge cannot reasonably be construed to state a crime, even under the liberal construction standard. Therefore, the charge was deficient and must be dismissed without prejudice.[5] *Gonzalez*, 128 Hawaiʻi at 324, 288 P.3d at 798.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on April 3, 2012 in the District Court of the First Circuit, Wahiawa Division, is vacated and the case is remanded with instructions to dismiss the case without prejudice.

DATED: Honolulu, Hawaiʻi, August 26, 2013.

On the briefs:

Summer M.M. Kupau,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

defense; he asserted that he was driving 65 to 70 miles per hour and that, therefore, Officer Franks must have clocked the wrong car.

[4]     *Elliott* also involved application of *Motta*'s liberal construction standard. *Elliott*, 77 Hawaiʻi at 311, 884 P.2d at 374. We do not find significant the State's distinction that the resisting arrest statute in *Elliott* specified a mens rea of "intentionally," whereas the statute at issue here specified no mens rea at all.

[5]     Because we vacate Hargitt's conviction, we need not reach his other points of error.